Consovoy McCarthy PLLC

1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
703.243.9423
www.consovoymccarthy.com

October 21, 2026

Honorable Judge Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Do No Harm v. DRDINAMD*, No. 1:26-cv-04152

Dear Judge McMahon:

Defendants' reply in support of their motion to dismiss relies on *AAER v. HSF*, 2026 WL 2948910 (D.D.C. Sept. 30)—a decision that Defendants cite seven times. *See* Reply (Doc.50) 2, 5, 6, 8. Because *HSF* was decided after Plaintiffs filed their opposition, *see* Opp. (Doc.49), Plaintiffs submit this letter to briefly respond to this new authority, *cf.* Fed. R. App. P. 28(j).

*HSF* addresses whether a program that awarded scholarships and other benefits to Hispanic students involved a contract under 42 U.S.C. §1981. *HSF*, 2026 WL 2948910, at *1-3. Notably, the decision *denied* the defendant's motion to dismiss the §1981 claim, finding that the plaintiff alleged several contracts that trigger the statute's ban on racial discrimination in contracting. *Id.* at *8-9, *13-17. For example, the defendant ran online platforms that facilitated contracting opportunities between students and third parties, including future employers and prospective donors. *Id.* at *13-14, *16. That the defendant wholly blocked some races from accessing those third-party contracting opportunities was sufficient at the pleading stage, regardless of whether the plaintiff could identify *specific* jobs or donations that its members would get. *Id.* at *9, *16-17; *accord* Opp. 15-17. As another example, the defendant in *HSF* imposed duties on students, like a requirement to complete surveys. 2026 WL 2948910, at *14-16. Here, too, Defendants likewise impose a duty on doctors to keep their profiles accurate, updated, and complete, Opp. 2, 8-10—a "detriment" that counts as "'consideration,'" no matter how small it is, *HSF*, 2026 WL 2948910, at *14-15.

True, *HSF* does not accept some of the plaintiff's alternative theories for why a contract existed. But that preliminary, nonbinding reasoning from *HSF* does not help Defendants here.

*HSF* disagreed that the defendant's "acknowledgment" was a license. *Id.* at *11-12. But *HSF* agreed that a license is a contract that triggers §1981, *id.* at *16, and it agreed that a license exists when the defendant gets a "right to use [the plaintiff's] materials for [its] own purposes," *id.* at *12. Here, Defendants' license has that missing element: It makes doctors "consent to the collection *and use* of your information" by Defendants, including to make "disclos[ures]" to "Advertisers" and to send "promotional materials." *Privacy Policy*, Find a Black Doctor, perma.cc/5DLF-FYJX (archived Oct. 21, 2026) (emphasis added); *see* Opp. 8. Because Defendants get "the right to use the [doctor's] information for commercial and promotional purposes," their "terms clearly creat[e] adequate consideration." *HSF*, 2026 WL 2948910, at *11.

*HSF* also disagreed that some of the defendant's terms of use and privacy policy implicated §1981. Contra Defendants, *HSF* said these agreements are "undoubtedly contractual in nature." *Id.* at *10; *contra* Reply 2. But *HSF* reasoned that the agreements governed only the "use" of the defendant's website, not the right to apply for a scholarship, and that "any student, regardless of race, can use the [website] on equal terms." *HSF*, 2026 WL 2948910, at *10; *accord id.* (repeating that non-Hispanic students "may use the HSF website just as any other student can"). But here, use of Defendants' website—specifically, their directory for black doctors—*is where Defendants discriminate*. Defendants cannot say that "any [doctor], regardless of race, can use the [website] on equal terms." *Id.* Defendants have special terms for doctors who want to use the directory, and Defendants offer the directory only to doctors who are black. Opp. 4, 14. Nor can nonblack doctors "use [Defendants'] website just as any other [doctor] can." *HSF*, 2026 WL 2948910, at *10. Nonblack doctors cannot create profiles, edit them, or otherwise appear on the directory. Opp. 4. They lack, as Defendants put it, "full use of the website." *Privacy Policy*. So Defendants' agreements do "for[m] the basis for a Section 1981 claim because [doctors] must make several promises in exchange for the ability to use the [directory], and the [directory] is … unavailable to all non-[black doctors]." *HSF*, 2026 WL 2948910, at *16.

Finally, *HSF* rejects the same First Amendment defense that Defendants raised in their initial motion. *Compare* MTD (Doc.45) 17-20*, with HSF*, 2026 WL 2948910, at *17. Defendants first said that applying §1981 to their website would violate the First Amendment. *See* MTD 18. But in reply, Defendants no longer "argue that Section 1981 is unconstitutional" as applied to their website, only that "Section 1981 is inapplicable" because their website involves speech rather than contracts. Reply 6-7. This argument is circular, per *HSF*. A contract does not "fal[l] outside of Section 1981's ambit" just because a defendant has "charitable intent" or engages in "expressive conduct." 2026 WL 2948910, at *17. And "the Supreme Court has already rejected the notion" that §1981's ban on racial discrimination in contracting violates the "First Amendment." *Id.*

On the whole, *HSF* supports denying Defendants' motion to dismiss. Like the *HSF* court, this Court should refuse to dismiss this case on the pleadings.

Respectfully submitted,

*/s/ Cameron T. Norris*
Cameron T. Norris
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com

cc: All parties (via CM/ECF)