Case 1:26-cv-04152-CM Document 57 Filed 11/11/26 Page 1 of 23

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/12/2026

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

DO NO HARM and DR. TRAVIS MORRELL,

*Plaintiffs,*

v.

DRDINAMD LLC, d/b/a FIND A BLACK DOCTOR and DR. DINA STRACHAN

*Defendants.*

Case No. 1:26-cv-04152

**[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING DISCLOSURE AND USE OF DISCOVERY MATERIALS**

Plaintiffs Do No Harm and Dr. Travis Morrell, and Defendants DRDINAMD LLC, d/b/a Find A Black Doctor, and Dr. Dina Strachan (collectively, the "Parties"), anticipate that discovery in this Action will involve the production of documents, testimony, and other information containing confidential, proprietary, commercially sensitive, and private material, including without limitation nonpublic business records, the directory's listing and eligibility criteria, applicant and listing data, internal communications and analyses, advertiser and sponsor information, trade secrets, personally identifiable information ("PII"), and information that identifies or tends to identify members of Do No Harm and non-party physicians and dentists who have applied to or been listed in the Find A Black Doctor directory. Good cause therefore exists under Federal Rule of Civil Procedure 26(c)(1) for the entry of a protective order governing the disclosure and use of such materials in this Action.

The Parties further recognize that Do No Harm is a membership organization that sues in a representational capacity on behalf of its members, and that the compelled disclosure of the identities and affiliations of an advocacy organization's members may itself effect a restraint on the right to freedom of association. *See NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462 (1958). Good cause therefore exists to afford heightened protection to information identifying Do No Harm's members

and non-party applicants to the directory.

The Parties accordingly stipulate to, and request that the Court enter, this Stipulated Protective Order Regarding Disclosure and Use of Discovery Materials (the "Order" or "Protective Order"), which shall govern the handling of Discovery Material produced by Parties and non-parties in this Action. This Order is intended to facilitate discovery, protect legitimately confidential information, and preserve applicable privileges and protections, while limiting confidentiality designations to material that qualifies for protection under the Federal Rules of Civil Procedure, applicable law, and this Court's rules and practices.

Nothing in this Order authorizes the filing under seal of any document. Any request to file material under seal or in redacted form must separately comply with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules and Practices.

## I. DEFINITIONS

1. "Action" means *Do No Harm et al. v. DRDINAMD LLC et al.*, Case No. 1:26-cv-04152-CM (S.D.N.Y.).

2. "Challenging Party" means any Party or non-party that challenges a confidentiality designation under this Order.

3. "Designating Party" means any Party or non-party that designates Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order.

4. "Disclose" (and any form of that term) means to distribute, provide, describe, summarize, paraphrase, reveal, or otherwise make available for access, viewing, use, or copying any Discovery Material or the information contained therein.

Case 1:26-cv-04152-CM Document 57 Filed 11/11/26 Page 3 of 23

5. "Discovery Material" means all documents, electronically stored information, testimony, transcripts, tangible things, and other information, including materials produced by any non-party, regardless of the medium or manner generated, stored, or maintained, that are produced, disclosed, or generated in connection with discovery in this Action pursuant to the Federal Rules of Civil Procedure, a Court order, subpoena, or any agreement or stipulation among the Parties.

6. "Document" shall have the broadest meaning permitted by Federal Rule of Civil Procedure 34(a)(1)(A)-(B) and Local Civil Rule 26.3(c)(2).

7. "Member Identifying Information" means (1) the identity of any member of Do No Harm other than Dr. Travis Morrell, and (2) any information that would identify or have the tendency to identify any such member, including without limitation name, home or practice address, telephone number, email address, place of residence, or place of employment.

8. "PII" means personally identifiable information, including but not limited to Social Security numbers, taxpayer identification numbers, dates of birth, financial-account numbers, passport numbers, driver's-license numbers, home addresses, personal telephone numbers, personal email addresses, and other information subject to protection or redaction under Federal Rule of Civil Procedure 5.2 or other applicable law.

9. "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this Action.

10. "Protected Material" means (1) Member Identifying Information; (2) the identities of, and any identifying information about, non-party physicians or dentists who have applied to, inquired about, or been listed in the Find A Black Doctor directory; and (3) any Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as provided for in this Order.

Case 1:26-cv-04152-CM Document 57 Filed 11/11/26 Page 4 of 23

11. "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

12. "Termination Date" means the later of: (a) the date on which this Action is finally resolved by dismissal, settlement, final judgment, or other disposition; or (b) the date on which all appeals, re-hearings, reconsideration proceedings, or remands relating to this Action have been exhausted or the time to pursue them has expired.

## II. PURPOSES AND LIMITATIONS

13. Unless otherwise agreed by the Parties or ordered by the Court, Protected Material shall be used by a Receiving Party solely for prosecuting, defending, or attempting to settle this Action, and for no other purpose whatsoever. Protected Material shall not be used or disclosed, directly or indirectly, for any other purpose—including, for example, taking any adverse action against, or publicly revealing the identity of, any member of Do No Harm or any non-party applicant to or listee of the directory because of his or her connection to this lawsuit.

14. Defendants and their counsel may not use information learned from any Protected Material to contact, or to disclose the identity of, any member of Do No Harm other than Dr. Travis Morrell. Plaintiffs' counsel will accept service on behalf of any member of Do No Harm whose identity constitutes Protected Material under this Order.

15. The Parties acknowledge that this Order does not confer blanket protection on all disclosures during discovery or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made only on a good-faith basis and only to the extent the material qualifies for protection under Federal Rule of Civil Procedure 26(c), applicable law, and this Order. If it comes to a Producing Party's attention that designated material does not qualify for protection at all—or does not qualify for the level of protection initially asserted—the Producing Party must promptly notify all other Parties in writing that it is withdrawing or modifying the designation.

Case 1:26-cv-04152-CM Document 57 Filed 11/11/26 Page 5 of 23

16. A Party's compliance with this Order, or failure to challenge a designation immediately, shall not operate as an admission that any particular material is or is not confidential, privileged, discoverable, relevant, or admissible. This Order is without prejudice to any Party's right to challenge any designation, object to any discovery request, or seek additional protection from the Court.

17. The protections conferred by this Order do not extend to information that: (a) is or becomes publicly known through no violation of this Order; (b) was lawfully known to the Receiving Party, without confidentiality restriction, before disclosure by the Producing Party; (c) is lawfully obtained by the Receiving Party from a source not under an obligation of confidentiality to the Producing Party; or (d) is disclosed by the Producing Party to a third party without restriction on further disclosure.

## III. SCOPE

18. The protections conferred by this Order cover not only Protected Material, but also: (a) any information copied, extracted, summarized, described, characterized, paraphrased, or otherwise derived therefrom; and (b) all copies, excerpts, compilations, notes, memoranda, summaries, analyses, abstracts, or other documents or materials that contain, reflect, quote from, or disclose Protected Material, including testimony, conversations, or presentations by the Parties or their counsel that might reveal Protected Material.

19. This Order applies to discovery, pretrial proceedings, and post-trial proceedings in this Action, whether the material is produced by a Party or a non-party. This Order does not, by itself, govern the treatment of Protected Material at trial or in open court. Any Party may seek further relief from the Court concerning the use, treatment, or protection of Protected Material at any hearing, trial, or other public proceeding.

20. Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose, or preclude a Producing Party from showing its

Case 1:26-cv-04152-CM Document 57 Filed 11/11/26 Page 6 of 23

own Discovery Material to an individual who authored, prepared, received, or previously had lawful access to that material.

21. Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in Court or in any Court filing in this Action, provided that the Party complies with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the Southern District of New York, the Court's Individual Rules and Practices, and any other applicable rules or orders governing redaction, sealing, or public use of protected information. A Producing Party may consent in writing to the public filing or use of its Protected Material by another Party.

22. Nothing herein shall be deemed a waiver of any Party's right to object to the production, use, or admissibility of any document, testimony, communication, or other Discovery Material, including on grounds of relevance, burden, proportionality, privilege, work product, associational privilege, immunity, confidentiality, or any other objection available under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or other applicable law.

23. This Order is without prejudice to the right of any Party or non-party to seek further or additional protection for any Discovery Material, to seek modification of this Order, or to seek relief from any provision of this Order, including without limitation an order that certain matter not be produced at all, that specified matter be produced only on stated conditions, or that certain material does not qualify for the protection or level of protection asserted.

## IV. DURATION

24. Even after the Termination Date, and unless otherwise indicated in this Order, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or an order from this Court otherwise directs.

Case 1:26-cv-04152-CM Document 57 Filed 11/11/26 Page 7 of 23

25. The expiration or termination of this Action, or the termination of any person's involvement in this Action, shall not relieve any person of the obligations imposed by this Order with respect to Protected Material received during the pendency of this Action.

## V. ACCESS TO AND USE OF PROTECTED MATERIAL

26. **Basic Principles.** A Receiving Party may use Protected Material disclosed or produced by another Party or by a non-party in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and for no other purpose whatsoever. Protected Material shall not be used, directly or indirectly, for any business, commercial, competitive, personal, or other purpose unrelated to this Action. Protected Material may be disclosed only to the categories of persons, and under the conditions, expressly described in this Order, and must be stored and maintained by a Receiving Party in a secure manner and at a location, and with administrative, technical, and physical safeguards, reasonably designed to ensure that access is limited to persons authorized under this Order.

27. **Legal Advice Based on Protected Material.** Nothing in this Order shall be construed to prevent counsel for a Receiving Party from advising that Party with respect to this Action based in whole or in part upon Protected Material, provided that counsel does not disclose the Protected Material itself, its specific contents, or the fact of any particular Protected Material's existence except as permitted by this Order.

28. **Persons with Prior Lawful Access.** Nothing in this Order shall preclude a Receiving Party from showing Protected Material to an individual who authored, prepared, received, or previously had lawful access to that material, provided that any further disclosure by the Receiving Party otherwise complies with this Order.

29. **Limitations.** Nothing in this Order shall restrict in any way the use or disclosure by a Receiving Party of material or information that: (a) is or becomes publicly known through no violation

Case 1:26-cv-04152-CM Document 57 Filed 11/11/26 Page 8 of 23

of this Order; (b) was lawfully known to the Receiving Party, without restriction, independent of the Producing Party before disclosure in this Action; (c) is lawfully obtained by the Receiving Party after disclosure from a source who obtained the information lawfully and was not bound by a duty of confidentiality to the Producing Party; (d) is disclosed with the written consent of the Designating Party; or (e) is disclosed pursuant to further order of the Court.

30. **No Admission; Other Rights Preserved.** Nothing in this Section, or in this Order, shall operate as an admission that any particular material is confidential, privileged, relevant, admissible, or discoverable, nor shall it prejudice any Party's right to seek additional protection, to challenge any designation, or to object to any discovery request or disclosure.

31. **Use of GenerativeAI Tools**. No party or authorized recipient may input, upload, or submit CONFIDENTIAL Information into any modern artificial intelligence platform, including any generative, analytical, or large language model-based tool ('AI'), unless the AI provider is contractually prohibited from: (1) storing or using inputs to train or improve its model; and (2) disclosing inputs to any third party except where such disclosure is essential to facilitating delivery of the service. Where disclosure to a third party is essential to service delivery, any such third party shall be bound by obligations no less protective than those required by this Paragraph 31. In addition, the AI provider must contractually afford the party or authorized recipient the ability to remove or delete all CONFIDENTIAL information upon request. A party intending to use AI that it contends meets these requirements must retain written documentation of these contractual protections.

## VI. DESIGNATING PROTECTED MATERIAL

32. **Available Designations.** Any Producing Party may designate Discovery Material with one of the following designations, provided that the Producing Party has a good-faith basis for the designation under Federal Rule of Civil Procedure 26(c), applicable law, and this Order: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

33. **Inadvertent Failure to Designate.** An inadvertent failure to designate qualified material does not, standing alone, waive the right to designate it later. Upon written notice of a corrected designation, the Receiving Party shall make reasonable efforts to treat the material in accordance with the corrected designation from that point forward and to retrieve and relabel any prior copies distributed inconsistently with the corrected designation.

34. **Written Discovery, Documents, and Tangible Things.** Written discovery, documents (including electronically stored information, or "ESI," as that phrase is used in Federal Rule of Civil Procedure 34 , and tangible things that meet the requirements for the confidentiality designations above may be so designated by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, to each page that contains Protected Material or, if the documents are produced in native format, to the file name or a slip sheet, at the time of production or as soon thereafter as the Producing Party notifies the Receiving Party of the confidential nature of the material.

35. **Materials Made Available for Inspection.** A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before designation, all material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party identifies the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection and, before producing them, affix the appropriate designation.

36. **Depositions and Testimony.** Parties or testifying persons or entities, or their counsel, may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript are designated within twenty-one (21) days of receipt of the final transcript. If no indication

Case 1:26-cv-04152-CM Document 57 Filed 11/11/26 Page 10 of 23

on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL" until the 21-day period has passed, unless the Parties agree otherwise in writing or on the record or the Court orders otherwise. The court reporter shall be informed of this Protective Order and shall operate in a manner consistent with it. Counsel for any Producing Party shall have the right to exclude from oral depositions any person, other than the deponent, deponent's counsel, counsel for the Parties, and the stenographer and/or videographer, who is not authorized by this Order to receive the Protected Material at issue, limited to the specific periods of examination that pertain to such Protected Material.

37. **Discovery Material Designated as "CONFIDENTIAL."** A Producing Party may designate Discovery Material as "CONFIDENTIAL" only if it contains or reflects (a) trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, (b) private or confidential personal information, (c) information received in confidence from third parties, or (d) information that the Producing Party reasonably and in good faith believes qualifies for protection under Federal Rule of Civil Procedure 26(c). Examples include material that a Party, in the ordinary course of business, does not or would not publicly disclose, and information that a Party is under a preexisting obligation to maintain as confidential. A designation shall not be made merely because the material is produced in discovery.

38. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose material designated "CONFIDENTIAL" only to the following persons:

(a) the Parties to this Action, their insurers, and counsel to their insurers;

(b) Outside counsel for the parties, as well as partners, associates, and other employees of any such counsel's law firm (including without limitation paralegals and support staff) to whom it is reasonably necessary to disclose the information for this litigation;

(c) any outside expert or consultant retained by the Receiving Party to assist in this Action (including such of the expert's or consultant's assistants or support staff as are reasonably necessary to facilitate the work), provided that disclosure is only to the extent reasonably

Case 1:26-cv-04152-CM Document 57 Filed 11/11/26 Page 11 of 23

necessary to perform such work and that such expert or consultant has agreed to be bound by this Order by signing the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) as to any document, its author, addressee, and any other person indicated on the face of the document as having received a copy;

(e) any witness who, in the good-faith belief of counsel for a Party, may be called to testify at trial or deposition in this Action, provided such person has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) the Court, jury, and court personnel, pursuant to this Order and any applicable rules regarding the filing and/or use of materials designated for protection;

(g) court reporters, stenographers, and videographers retained to record testimony in this Action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(h) document processing and hosting vendors, and graphics, translation, design, trial consulting services, and/or other vendors retained by the parties, to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(i) any other person with the prior written consent of the Producing Party or by order of the Court.

## VII. DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

39. A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects highly sensitive business or personal information, trade secret, or commercially sensitive information such that the Producing Party reasonably and in good faith determines that disclosure to the Receiving Party is likely to cause harm to a competitive position or to the privacy or safety of any person. Examples of such information include trade secrets and other proprietary information; competitively sensitive business information and practices; business information the disclosure of which would create a risk of competitive harm; Member Identifying Information and the personally identifying information of non-party applicants to or listees of the directory; and material that a Party is under a preexisting obligation to a non-party to treat as personal or confidential. The Parties do not waive any right to challenge the designation of any such category.

40. All Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be produced in a manner reasonably calculated to preserve its confidentiality. To the extent produced electronically, it shall be transmitted or made available through encrypted media,

Case 1:26-cv-04152-CM Document 57 Filed 11/11/26 Page 12 of 23

encrypted transfer, or a secure document-hosting platform with access controls reasonably designed to limit access to authorized persons. Any electronic copies maintained by a Receiving Party or its counsel shall be maintained in an access-controlled environment.

41. Printed copies of materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" maintained by the Receiving Party must be kept in a secure location, such as a locked storage container, file cabinet, or room, when not in use.

42. Except as expressly provided in this Order, absent express written permission from the Producing Party, the Receiving Party shall minimize the creation of copies, duplicates, or images (whether electronic or in hard copy) of materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Wherever practicable, such materials shall be referenced in correspondence, pleadings, or Court filings by production Bates number rather than reproduced. Any copies reasonably necessary for this Action must themselves be labeled "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

43. Unless otherwise ordered by the Court or expressly permitted in writing by the Producing Party, a Receiving Party may disclose material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the following persons:

(a) Outside counsel for the parties, as well as partners, associates, and other employees of any such counsel (including without limitation paralegals and support staff) to whom it is reasonably necessary to disclose the information for this litigation;

(b) Relevant in-house counsel for the parties, including without limitation paralegals and support staff in the Receiving Party's legal department, provided that they agree not to disclose the information to any other employees who are not members of the legal department and that they have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) as to any document, its author, addressee, and any other person indicated on the face of the document as having received a copy;

(d) any outside expert or consultant retained by the Receiving Party to assist in this Action (including such of the expert's or consultant's assistants or support staff as are reasonably necessary to facilitate the work), provided that disclosure is only to the extent reasonably necessary to perform such work and that such expert or consultant has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e) the Court, jury, and court personnel, subject to this Order and any applicable rules regarding the filing and/or use of materials designated for protection;

Case 1:26-cv-04152-CM Document 57 Filed 11/11/26 Page 13 of 23

(f) court reporters, stenographers, and videographers retained to record testimony in this Action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(g) document processing and hosting vendors, and graphics, design, trial consulting services, and/or other vendors retained by the parties to whom disclosure is necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(h) any other person with the prior written consent of the Producing Party or by order of the Court.

44. Except as to the author, addressee, stated recipient, custodian, or a person who otherwise previously possessed or lawfully knew the specific information contained in the material, and except as expressly permitted above, material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed to any current officer, director, member, employee, or other representative of a Receiving Party absent the Producing Party's written consent or further order of the Court.

## VIII. CHALLENGING CONFIDENTIALITY DESIGNATIONS

45. **Timing of Challenges.** Any Party or non-party may challenge a confidentiality designation at any time. A Party is not obligated to challenge the propriety of a designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge.

46. **Method of Challenge.** A Party or nonparty (the "Challenging Party") initiating a challenge shall do so in good faith by serving written notice on the Designating Party that identifies each challenged designation and describes the basis for each challenge with reasonable particularity. After receiving the written notice, the Designating Party and the Challenging Party shall begin a good-faith meet-and-confer process to attempt to resolve the dispute. Within fourteen (14) calendar days after receipt of the written notice, or within such other time as the Parties may agree in writing, the Designating Party shall state in writing whether it is maintaining, modifying, or withdrawing each challenged designation and, if maintaining the designation, the basis for doing so. If the Parties cannot resolve a challenge, the Challenging Party may seek relief from the Court in accordance with the Federal Rules of Civil Procedure, Local Civil Rule 37.2, and the Court's Individual Rules and Practices.

Case 1:26-cv-04152-CM Document 57 Filed 11/11/26 Page 14 of 23

If the Designating Party does not provide a timely response to an objection, the challenged designation will be deemed void.

47. **Burden and Status Pending Resolution.** In any challenge proceeding, the Designating Party bears the burden of establishing that the challenged material is properly designated under this Order and Federal Rule of Civil Procedure 26(c). Unless and until the Designating Party withdraws or modifies the designation, or the Court orders otherwise, all Parties and non-parties shall continue to treat the challenged material according to the designation initially asserted.

48. **Waiver.** A challenge to a designation shall not waive any other objection to the discovery at issue. Frivolous challenges, and designations made for an improper purpose or without a good-faith basis, may subject the offending Party to appropriate relief.

## IX. USE AT DEPOSITIONS OR TRIAL

49. Any witness who, in the good-faith belief of counsel for a Party, may be called to testify at trial or deposition may be shown or examined on any information, document, or thing, irrespective of designation, if it appears that the witness authored or received a copy of it, or is the Party or non-party, or is employed by the Party or non-party, who produced it, or if the Producing Party consents in writing. Consent shall not be unreasonably withheld and shall be given within three (3) business days of a request. Prior to disclosure of Protected Material to any such witness, counsel making the disclosure shall deliver a copy of this Order to the person, explain that the person is bound by it, and secure the person's signature on the "Agreement to Be Bound by Protective Order" (Exhibit A).

50. The use of a document as a deposition or trial exhibit does not alter its confidentiality designation. Any transcript pages, exhibits, or video segments that disclose Protected Material shall be treated in accordance with this Order.

Case 1:26-cv-04152-CM Document 57 Filed 11/11/26 Page 15 of 23

51. If need arises during trial or any hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may only do so after giving notice to the Producing Party and as directed by the Court.

## X. OUTSIDE COUNSEL AND EXPERTS

52. Any outside counsel or expert afforded access to information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not disclose, use, or apply such information for any purpose other than work or services performed in the scope of this Action.

53. Outside counsel shall take reasonable steps to ensure that any outside expert, consultant, vendor, or service provider receiving Protected Material is given only the material reasonably necessary for that person's work in this Action and is bound by this Order.

## XI. USE IN THIS ACTION

54. The status and designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be lost or impaired by use of such information in this Action or any appeal therefrom. Whenever any Protected Material must be filed with the Court, the Parties shall file and/or lodge those papers in a manner consistent with the Federal Rules of Civil Procedure, the Federal Rules of Appellate Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules and Practices, as applicable.

55. The Parties acknowledge that there is a presumption of public access to judicial documents and that any sealing must be supported by particularized findings and narrowly tailored to serve the interest at stake. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Nothing in this Order authorizes any Party to file Protected Material under seal or in redacted form merely because it has been designated under this Order. Any request to file material under seal or in redacted form must comply with Federal Rule of Civil Procedure 5.2, the Local Rules of the Southern District of New York, the S.D.N.Y. ECF Rules, and the Court's Individual Rules and Practices, must

Case 1:26-cv-04152-CM Document 57 Filed 11/11/26 Page 16 of 23

be narrowly tailored, and must be supported by an adequate basis; the Parties' agreement or a confidentiality designation alone is insufficient.

56. Where Court approval is required, the filing Party shall publicly file the required letter-motion, publicly file a redacted version where appropriate, and file under seal the unredacted version with proposed redactions highlighted or otherwise in the manner required by the Court's rules and practices.

## XII. NON-PARTIES

57. This Order applies to Discovery Material produced by non-parties in this Action. Any non-party producing Discovery Material may designate material under this Order and shall be entitled to the protections of this Order to the same extent as a Party. A copy of this Order shall be furnished to any non-party from whom discovery is sought if that non-party requests it or if a Party seeks to designate that non-party's material under this Order.

## XIII. PROTECTED MATERIAL SUBPOENAED

58. If a Receiving Party is served with a subpoena, civil investigative demand, public-records request, or court order issued in another proceeding that seeks material designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party shall promptly, and in no event later than three (3) business days after receipt, notify the Designating Party in writing and provide a copy of the subpoena, request, or order. The Receiving Party shall also promptly notify the person or entity that caused the subpoena, request, or order to issue that the requested material is subject to this Protective Order, and shall provide a copy of this Order.

59. The purpose of these duties is to alert interested parties to the existence of this Order and to afford the Producing Party an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued. The Producing Party shall bear the burden of seeking

Case 1:26-cv-04152-CM Document 57 Filed 11/11/26 Page 17 of 23

protection in that court. Until that tribunal rules, the Receiving Party shall not produce the designated material unless required by law or court order.

60. The Receiving Party must inform the Producing Party of which data or documents, if any, it plans to produce in response to such a subpoena, demand, request, or order at least ten (10) days before any disclosure is made, and must provide a copy of the as-submitted response, together with any related cover letters or correspondence, on the same day that the response is provided.

## XIV. FILING PROTECTED MATERIAL

61. Except as otherwise provided in this Order or ordered by the Court, any Party wishing to file any Protected Material must either (1) obtain written permission from the Producing Party to file such material in the public record, or (2) move the Court for leave to file the Protected Material under seal in accordance with the Court's Individual Rules and Practices. Unless and until the Court has ruled on such a motion, a Receiving Party may not file any Protected Material in the public record. Nothing herein shall preclude any Party from filing a redacted version of any pleading, brief, exhibit, or other document in the public record that omits the Protected Material.

62. A Party wishing to file Protected Material shall comply with this Order and the Court's governing rules and practices. The filing Party need not obtain the Producing Party's permission before seeking leave to file in redacted or sealed form, but shall meet and confer first with the Designating Party or any affected non-party to determine whether sealing, redaction, narrower redaction, or public filing is appropriate. Where the filing Party seeks sealing or redaction based on another Party's or a non-party's designation, the filing Party shall provide notice sufficiently in advance to permit that Party or non-party to make any submission required by the Court's rules in support of sealing or redaction.

## XV. DISCLOSURE OF PRIVILEGED MATERIALS

63. Pursuant to Federal Rule of Evidence 502(d), the production or any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, , in this

Case 1:26-cv-04152-CM Document 57 Filed 11/11/26 Page 18 of 23

proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. Nothing contained herein is intended to or shall limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, privilege, or work-product protection. This Order shall be interpreted to provide the maximum protection permitted by Federal Rule of Evidence 502(d). The provisions of Fed. R. Evid. 502(b) do not apply.

## XVI. INADVERTENT FAILURE TO DESIGNATE PROPERLY

64. The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material does not waive the right to make a later designation if the Producing Party promptly notifies the Receiving Parties after learning of the omission. After giving such notice, the Producing Party shall reproduce or otherwise identify the material with the correct designation within a reasonable time. Upon receipt of the corrected designation, each Receiving Party shall make reasonable efforts to retrieve and destroy or relabel unmarked copies and shall thereafter treat the material in accordance with the corrected designation.

65. A Receiving Party shall not be in breach of this Order for any disclosure or use made before receiving notice of the corrected designation. To the extent material was disclosed before correction, the Receiving Party shall take reasonable steps to notify any unauthorized recipients of the new designation and to secure compliance going forward.

## XVII. INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

66. If a Receiving Party learns that, by inadvertence or otherwise, it or a person to whom it disclosed Protected Material has disclosed Protected Material to any person or in any circumstance not authorized by this Order, the Receiving Party shall immediately: (a) notify the Designating Party in writing; (b) use best reasonable efforts to retrieve all unauthorized copies; (c) inform the

Case 1:26-cv-04152-CM Document 57 Filed 11/11/26 Page 19 of 23

unauthorized recipient of the terms of this Order; (d) request that the unauthorized recipient execute Exhibit A; and (e) take reasonable steps to prevent further unauthorized use or disclosure. Within five (5) business days of learning of the unauthorized disclosure, the Receiving Party shall provide the Designating Party with a written report identifying, to the extent known, the person or persons who received the material, the circumstances of the disclosure, the material disclosed, and the corrective steps taken.

67. Unauthorized or inadvertent disclosure does not alter the confidentiality status of the material or waive the Designating Party's right to seek further relief.

## XVIII. EXPERT MATERIALS

68. All matters concerning expert discovery shall be governed by the Federal Rules of Civil Procedure, the Local Rules, and the Court's Individual Rules and Practices, except as expressly modified by this Order.

69. Consistent with Federal Rule of Civil Procedure 26(b)(4), the following need not be disclosed and are outside the scope of discovery, except as otherwise required by Rule 26(b)(4)(C) or other applicable law: (a) a consulting expert's communications, documents, or electronic information made or prepared in connection with this Action; (b) a testifying expert's drafts of reports, declarations, affidavits, opinions, written testimony, or work papers, and preliminary or intermediate calculations, computations, modeling, or data runs; (c) notes or summaries of a testifying expert, or persons working at the testifying expert's direction; and (d) communications between a testifying expert and counsel for the retaining Party, a consulting expert, or any person working at the testifying expert's direction, except to the extent they are directly relied upon by the testifying expert in his or her report, declaration, affidavit, or testimony.

70. Notwithstanding the foregoing, the following are discoverable to the extent required by Federal Rule of Civil Procedure 26(b)(4)(C): communications relating to compensation for the

Case 1:26-cv-04152-CM Document 57 Filed 11/11/26 Page 20 of 23

testifying expert's study or testimony; communications identifying facts or data that counsel provided and that the testifying expert considered in forming the opinions to be expressed; and communications identifying assumptions that counsel provided and that the testifying expert relied upon in forming the opinions to be expressed. Nothing herein limits the disclosures required by Rule 26(a)(2)(B) or any Party's right to challenge the admissibility or qualifications of any expert.

## XIX. FINAL DISPOSITION

71. Unless otherwise ordered by the Court or agreed in writing by the Designating Party, within sixty (60) days after the Termination Date, each Receiving Party shall either return or destroy all Protected Material, including all copies, excerpts, compilations, summaries, and other materials embodying Protected Material. If the Designating Party requests written confirmation, the Receiving Party shall provide a certification that it has complied with this Section, except for materials permitted to be retained under this Section.

72. Notwithstanding the foregoing, counsel of record may retain: (a) one archival copy of pleadings, motion papers, hearing or trial transcripts, deposition transcripts and exhibits, correspondence, attorney work product, expert work product, and consultant work product, even if such materials contain Protected Material; (b) documents filed on the Court's docket; and (c) materials stored on backup tapes, disaster-recovery systems, or other routine archival systems that are not reasonably accessible in the ordinary course, provided that such retained material remains subject to this Order and is not accessed except as reasonably necessary for compliance, recordkeeping, or legal obligations.

## XX. MISCELLANEOUS

73. **Public Domain.** No information that is in the public domain or which is already known to the Receiving Paty through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Order.

Case 1:26-cv-04152-CM Document 57 Filed 11/11/26 Page 21 of 23

74. **Right to Further Relief.** This Order is being entered without prejudice to the right of any party and nothing in this Order abridges the right of any person to seek its modification, additional protection, or relief from the Court.

75. **Termination of Matter and Retention of Jurisdiction.** This Order survives the final termination of this Action. The Court shall retain jurisdiction over all persons who have received Protected Material for the limited purpose of enforcing this Order and addressing any violation of it.

76. **Successors.** This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

77. **Right to Assert Other Objections.** By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to producing or disclosing any information or item. This Order shall not constitute a waiver of the right of any Party to claim in this Action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this Action or any other proceeding. Stipulating to entry of this Order shall not prejudice the rights of a Party to petition the Court for a further protective order, nor prevent the Parties from agreeing in writing or on the record to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

78. **Modification by Court.** This Court is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material produced under the protection of this Order shall be resolved by this Court as provided herein.

79. **Bound by Order.** All persons who have access to information or material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under

Case 1:26-cv-04152-CM Document 57 Filed 11/11/26 Page 22 of 23

this Order acknowledge that they are bound by this Order and that they submit to the jurisdiction of this Court for purposes of enforcing this Order.

80. **Discovery Rules Remain Unchanged.** Except as expressly provided herein, nothing in this Order shall alter or change the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, or any Court order entered in this Action. Identification of any individual pursuant to this Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, or the Court's own orders entered in this Action

81. **The following addendum is deemed incorporated into the parties' stipulation and confidentiality order and is acceptable to the parties:**

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to 'confidential' material under this stipulation, the decision will not be published for ten days. The parties must, within that ten day period, identify to the court any portion of the decision that one or more of them believe should be redacted, provide the court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

Case 1:26-cv-04152-CM Document 57 Filed 11/11/26 Page 23 of 23

Dated: November 11, 2026

Respectfully submitted,

/s/ LaRue L. Robinson
LaRue L. Robinson*
Henry C. Thomas*
Chloe Smeltzer*
Kenedi McCormick*
WILLKIE FARR & GALLAGHER LLP
300 North LaSalle Dr.
Chicago, IL 60654-3406
Tel: (312) 728-9000
lrobinson@willkie.com
hthomas@willkie.com
csmeltzer@willkie.com
kmccormick@willkie.com

*Counsel for Defendants*

/s/ Cameron T. Norris
Thomas R. McCarthy*
Cameron T. Norris*
Frank H. Chang*
Daniel M. Vitagliano†
SDNY Bar No. 5856703
James E. Marmaduke*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
cam@consovoymccarthy.com
frank@consovoymccarthy.com
dvitagliano@consovoymccarthy.com
jmarmaduke@consovoymccarthy.com

*Counsel for Plaintiffs*

* *Admitted pro hac vice*
† *Supervised by principals of the firm admitted to practice in VA*

**SO ORDERED**

Dated 12 Nov, 2026

HON. COLLEEN MCMAHON
United States District Judge

Case 1:26-cv-04152-CM Document 57-1 Filed 11/11/26 Page 1 of 1

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DO NO HARM and DR. TRAVIS MORRELL,<br>*Plaintiffs*,<br>v.<br>DRDINAMD LLC, d/b/a FIND A BLACK DOCTOR and DR. DINA STRACHAN<br>*Defendants.* | Case No. 1:26-cv-04152 |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

1. My name is__________________________________________

2. I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of the Protective Order and agree to comply with and to be bound by its provisions. I also consent to the jurisdiction of this Court for purposes of enforcement of the Protective Order.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of ____________ by __________________

(Print Name)

Signed__________________________